**Dismiss and Opinion Filed March 1, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01047-CV**

**IN THE INTEREST OF A.G. AND V.G., CHILDREN**

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-52594-2016**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

This appeal challenges the trial court's interlocutory orders denying appellant's special appearance and second motion to transfer venue filed in connection with a petition to modify the parent-child relationship. It is well-settled, however, that interlocutory orders are appealable only if authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Interlocutory appeals from a special appearance order in a suit brought under the family code and an order refusing to transfer a suit affecting parent-child relationship are specifically prohibited. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (special appearance); TEX. FAM. CODE ANN. § 155.204(h) (transfer). In response to our

request for jurisdictional briefing, the parties do not dispute the orders are not appealable.[1]  Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).



211047f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

---

[1] Appellant asserts we have mandamus jurisdiction over the orders, and we have construed an emergency motion filed in this appeal after we questioned our jurisdiction as a petition for writ of mandamus.  The petition has been assigned appellate cause number 05-22-00077-CV.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.G. AND
V.G., CHILDREN

No. 05-21-01047-CV

On Appeal from the 469th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 469-52594-
2016.
Opinion delivered by Justice
Pedersen, III, Justices Schenck and
Molberg participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.


Judgment entered this day of March 1, 2022.